**Rose Marie HOLLEY, by Mary HOUSTON, next friend, Appellant,**

v.

**Margaret HECKLER, Secretary, Health and Human Services, Appellee.**

**No. 83–2558.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1984.

Decided May 23, 1984.

Dewey L. Crepeau, Columbia, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, Bruce R. Granger, Atty. on the Brief, Department of Health and Human Services, Kansas City, Mo., of counsel.

Before HEANEY, BRIGHT and ARNOLD, Circuit Judges.

PER CURIAM.

The sole question on this appeal is whether substantial evidence supports the decision of the Secretary of Health and Human Services that Rose Marie Holley is not entitled to child survivor benefits as the child of Raymond Martin, Jr., deceased, under 42 U.S.C. § 416(h)(3)(C)(ii). Under that section and administrative interpretation, Holley could claim benefits as Martin's child by presenting satisfactory evidence that he was her biological father and that he lived with or contributed to the support of her mother at the time of his death.

This record establishes that Holley, born December 16, 1967, is the child of Martin, who died on June 30, 1967. The unrebutted testimony of Holley that she is accepted as a half sister of Martin's other children is particularly persuasive. There is no credible evidence to the contrary; there is only the statement of Martin's mother that her son had not told her he was the child's father, and her statement that she did not find a family resemblance in Rose Marie.

The evidence as to whether Martin lived with or contributed to the support of Holley's mother, Mary Houston, is less persuasive, particularly in view of Houston's

earlier statements. The administrative law judge (ALJ) cited a statement signed by Houston on March 3, 1969, with the clarification of a Social Security contact dated March 25, 1969, which indicated that Houston then admitted that Martin did not live with or contribute to her support at the time of Martin's death. The record also contains a Child Relationship Statement signed by Houston on February 3, 1981, stating:

> The child was born after his death—I was just 2 months pregnant when he committed suicide. He and I were not living together, nor did he contribute to my support. He lived with his mother, Ruby Gooch; and I was at home with my mother, Frances Holley in Higbee, Mo. We never married, and the child is illegitimate. I have since married Mr. Houston, but Rosemarie is only his stepchild.

While Houston had an explanation for these statements, i.e., she did not understand their legal significance, the ALJ chose to disbelieve it and we cannot say his finding is not supported by substantial evidence.

We therefore affirm the decision of the ALJ, but solely for the reasons stated in this opinion.